# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES KENNETH MIZE,<br><br>  Plaintiff,<br><br>vs.<br><br>CHUCK HAGEL,<br><br>  Defendant. | Case No. 2:14-cv-01113-JAD-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>(IFP App - Dkt. #3) |

Petitioner James Kenneth Mize ("Petitioner") is proceeding in this action *pro se*. Petitioner has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a writ of mandamus on July 8, 2014. Docke No. 1. This proceeding was referred to this court by Local Rule IB 1-9.

On July 9, 2014, the Court issued an order denying Petitioner's Application to proceed *In Forma Pauperis* without prejudice, because Petitioner submitted an incomplete Application. Docket No. 2. Specifically, the Court noted that Petitioner had not responded fully to question 1 - namely, he stated that he is currently employed, but failed to list his gross and net salary, instead stating that his salary is classified. Additionally, the Court noted that Petitioner had not responded fully to question 3 - namely, he stated that he has money in checking or savings accounts, but failed to state the location of each account, type of account, and amount or balance in each account.

The Court denied Plaintiff's Application, and allowed him until August 11, 2014, to file a completed Application. On July 15, 2014, Petitioner filed a new Application for Leave to Proceed *In Forma Pauperis*. In the portion of his affidavit to which he declares the information is true under penalty of perjury, Petitioner again states that his salary is classified, but that "for response purpose[s]," he "take[s] home around 100,000 dollars [annually] after taxes." Docket No. 3, at 1. Petitioner also states that he receives one trillion dollars every other month, as well as an additional $140,000 per month from other business ventures. *Id.*, at 2. Additionally, Petitioner submits that he has a bank account with a balance of

over $30 trillion, and a retirement house worth $40 million. *Id*. Finally, Petitioner states that no other person is dependent upon him for financial support. *Id*.

Pursuant to 28 U.S.C. § 1914(a) and Judicial Conference Policy, a filing fee of $350.00, along with an administrative fee of $50, is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security by a person who makes affidavit that he is unable to pay such costs or give security. *See* 28 U.S.C. § 1915(a).

Petitioner has submitted the affidavit required by § 1915(a). The Court finds that the affidavit provides that Petitioner has sufficient income and assets to pre-pay the costs and fees of this action and, therefore, Petitioner is ineligible to proceed *in forma pauperis*.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Application to Proceed *In Forma Pauperis* (Docket No. 3) be **DENIED**, that Petitioner be required to pay the filing fee of $350.00 and the administrative fee of $50 (a total amount of $400), and that failure to do so within the time set by the district judge should result in dismissal of this action.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 18th day of July, 2014.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE