UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James Kenneth Mize, | Case No. 2:14-cv-1113-JAD-NJK |
| Plaintiff, | |
| v. | **Order Dismissing Case for Failure to Comply with Court Order** |
| Chuck Hagel, | |
| Defendant. | |

This matter comes before the Court on plaintiff James Kenneth Mize's application to proceed *in forma pauperis*. Doc. 3. Magistrate Judge Koppe denied Mize's *in forma pauperis* application, and I subsequently adopted her recommendation that the *in forma pauperis* application be denied. Docs. 4, 7. In my August 15, 2014, order, I informed Mize that he had 20 days to pay the $400 court fee, and cautioned him that "failure to comply with this order by timely payment . . . may result in the dismissal of this action with prejudice without further notice." Doc. 7 at 1-2. Almost four months have passed since I issued my order, and Mize has failed to pay the fee as instructed.

Under Federal Rule of Civil Procedure 41(b), "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."[1]  Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an action *sua sponte* for failure to prosecute.[2]  "In determining

---

[1] Fed. R. Civ. Proc. 41(b). Such a dismissal does not operate as an adjudication on the merits in several circumstances, none of which are applicable here. *See id.*

[2] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689
(continued...)

whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."[3]

Consideration of all five factors in this case favors dismissal with prejudice. The first two factors favor dismissal because I have waited almost four months for any response from Mize in connection with my August 15, 2014, order, but have received no response. I also note that there is no apparent prejudice to defendants, who have not been obligated to respond to the allegations in Mize's complaint. I have already explored the less drastic alternatives by permitting plaintiff ample time to arrange for payment of the $400 fee and explaining the potential consequences of his failing to do so. And although disposition of this case on grounds other than its merits may be contrary to public policy, this factor alone, when weighed against the other four, is insufficient to prevent dismissal of the claim.

Accordingly, it is **HEREBY ORDERED** that Mize's claims are DISMISSED WITH PREJUDICE for failure to comply with the court's August 15, 2014, order. The clerk of court is instructed to close this case.

DATED: December 8, 2014.

_____
Jennifer A. Dorsey
United States District Judge

**Clerk to notify:**

James Kenneth Mize
840233
Clark County Detention Center
330 South Casino Center
Las Vegas, NV 89101

---

(...continued)
(9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances").

[3] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).